

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6469 | **DATE** | 6/17/2002 |
| **CASE TITLE** | DAISY WASHINGTON vs. AMERITECH SICKNESS & ACCIDENT DISABILITY BENEFIT PLAN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Defendant's motion for summary judgment is granted. Enter memorandum opinion and order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 19 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | DW courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DAISY WASHINGTON,

    Plaintiff,

v.

AMERITECH SICKNESS AND
ACCIDENT DISABILITY BENEFIT
PLAN,

    Defendant.

No. 00 C 6469
Judge James B. Zagel

DOCKETED
JUN 1 9 2002

## MEMORANDUM OPINION AND ORDER

Daisy Washington seeks this Court's review of the decision of Ameritech Sickness and Accident Disability Benefit Plan (the "Plan"), an employee benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.*, to deny her claim for short-term disability benefits. The Plan provides the Ameritech Employees' Benefit Committee (the "Committee") with "full discretionary authority to interpret the terms of the Plan and to determine eligibility for and entitlement to Plan benefits in accordance with Plan terms." The standard of review for a plan that "gives the administrator discretion to interpret the plan terms or determine benefits eligibility" is the "arbitrary and capricious standard." *Carr v. Gates Health Care Plan*, 195 F.3d 292, 294 (7th Cir. 1999) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Any decision by the Plan "may not be deemed arbitrary and capricious so long as it is possible to offer a reasoned explanation, based on the evidence, for that decision."

The Committee's decision was the termination of Ms. Washington's short-term disability benefits after February 9, 1998, after reviewing the materials Ms. Washington submitted in

support of her claim. The Committee concluded there was insufficient objective medical documentation, as required by the Plan, to support a finding that Ms. Washington was unable to perform the functions of her position, with or without an accommodation. In particular, the Committee found three things lacking in Ms. Washington's supporting materials. The medical documentation Ms. Washington submitted failed to describe a disabling condition or impairment, although it did provide objective evidence of illness and need for on-going treatment. In addition, the medical documentation did not include information regarding Ms. Washington's functional capacities, although there were references to increases in Ms. Washington's activities. Finally, Ms. Washington was diagnosed with a GAF score of 51, consistent with a moderate (as compared to a severe) impairment, although there were subjective reports of a worsening condition.

The requirement that a disability claimant submit medical evidence to the Committee is set forth in the Plan, of which Ms. Washington had a copy. Ms. Washington was also informed three additional times in writing by the Plan that she needed to provide such medical evidence. The first letter, in September 1997, stated that "[i]f the medical documentation received . . . does not contain objective findings supporting that your condition prevents you from performing your [job] with or without reasonable accommodations, your claim will not qualify for benefit payments under the [Plan]." In February 1998, in the letter informing Ms. Washington that her benefits would cease as of February 9, 1998 and giving her information about her option to appeal, Ms. Washington was informed that the medical evidence she submitted did not contain "physical findings" that indicated that she was unable to perform her duties with or without a reasonable accommodation. In the letter sent by the Plan to Ms. Washington prior to a

determination on her appeal, Ms. Washington was informed that "this is your final opportunity (if you have not already done so) to submit any additional clinical information . . . that was not submitted with your original claim . . ."

Ms. Washington does not focus on the reasonableness of the Committee's request for additional objective medical documentation. Rather, she charges that the Committee must have acted arbitrarily and capriciously because the Social Security Administration found her to be disabled under its formula. She also contends that the Committee could not have been lacking the objective medical evidence that it repeatedly requested from Ms. Washington because, in his deposition, Committee member Jed DeBoer said that the Committee had all the information it needed to make a decision and had no need to send Ms. Washington for an independent medical evaluation. Finally, Ms. Washington also cites as evidence of the Committee's arbitrary and capricious actions that the Committee (1) "refused" to consider information from Dr. Susan Novack, her psychiatrist,(2) took comments in LCSW Hazenbush's report out of context and (3) made its decision "without even reviewing her job description to know what her duties entailed."

Ms. Washington's attack on the actions of the Committee is misplaced. She would be better served addressing the Committee's alleged reason for denying her disability claim. Nevertheless, I accept as true her version of the facts as the non-movant, and turn now to an evaluation of her contentions. First, the Social Security Administration's finding that Ms. Washington is disabled is irrelevant to the consideration of whether the Committee acted arbitrarily and capriciously. The Committee is required to act reasonably and consistently with its Plan documents in interpreting its requirements for a disability determination. What the

Social Security Administration does under its own rules for eligibility determination has no bearing on the Committee's decision. It would be interesting to consider whether the Social Security Administration's determination would be relevant if the standards set forth in the Plan were sufficiently similar to those that the Social Security Administration used to reach a different decision, however, Ms. Washington does not submit any evidence of how the Social Security Administration arrived at its decision.

Ms. Washington next contends that the Committee should have sent her for an independent medical examination and charges that "it is clear that the Committee's reason [for denying her claim] is just a fabrication." Ms. Washington reasons that Mr. DeBoer's deposition testimony that the Committee had all the information it needed to make a determination and did not feel that it needed to obtain an independent medical examination shows that the Committee did not need that objective medical documentation that it requested of Ms. Washington. By the Plan's rules, Ms. Washington was required to submit objective medical documentation, after three requests for her to do so. To be sure that the Plan and the Committee run afoul of the arbitrary and capricious standard, the Plan and the Committee would have to be reasonable in these requests. But Ms. Washington's reasoning that the Plan must call for an independent medical evaluation because the Plan rules give the Committee the authority to authorize one strains credibility and common sense. The Committee does not have to prove Ms. Washington's disability claim for her. It made three requests for appropriate objective medical documentation and did not receive it. A reasonable conclusion by the Committee would be that Ms. Washington did not provide the documentation because she did not have it, and the logical thing to do would

be to deny her claim. Furthermore, Ms. Washington offers no evidence whatsoever for her assertion that an evaluation would have "clearly" resulted in an award of benefits.

Ms. Washington's next three points are arguably more relevant to the issue of the Committee's purported reasons for denying her claim since they purport to address the evaluation of the claim by the Committee and the Committee's evaluation process. In the first of these claims, Ms. Washington charges that the Committee "refused" to take into account information provided by Dr. Novack, when the Committee's position is that it could not take Dr. Novack's position into account because it had not been provided with her report. Ms. Washington sets forth in her Response what Dr. Nowak purportedly stated about her condition: "I reiterate, Ms. Washington is currently very depressed as well as physically ill. She is experiencing crying spells, very poor sleep, extreme fatigue, agitation, irritability, inability to concentrate, anhedonia, significant anxiety, and suicidal ideation. She is currently unable to do any substantive work, even with accommodation." She also attaches to her Response a letter from Dr. Nowak with a fax cover sheet dated May 20, 1998. What is lacking from Ms. Washington's Response, however, is any evidence or even argument that these materials were sent to the Committee and disregarded.

Finally, Ms. Washington argues that the Committee took Ms. Hazenbush's statements out of context and that the Committee made its decision that she could perform her job "without even reviewing her job description to know what her duties entailed." These are additional instances of Ms. Washington making an emotional argument but offering no evidence in support of it. There is nothing to suggest that the Committee gave unnecessary weight to this piece of medical documentation. Ms. Washington points out that Ms. Hazenbush described a situation

where Ms. Washington said that she would try to get more involved by assisting people in a nursing home. Ms. Washington feels that the Committee "turned [this statement] around and . . . said that it was grounds for denial of her promised[1] benefits." It says what it says, which, quite frankly, does quite reasonably suggest that Ms. Washington's condition was improving. There is also nothing to suggest that the Committee did not take Ms. Washington's job description into account. At least one of the Committee members knew Ms. Washington's job description, which the Committee characterized as sedentary in nature, a description about which Ms. Washington offers no contrary evidence.

For the foregoing reasons, defendant's motion for summary judgment [9-1] is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: JUN 17 2002

---

[1] It is unclear from Ms. Washington's use of the term "promised benefits" whether she believes her disability benefits were an entitlement or whether phrase is simply another example of her brief-writing, which is long on emotion and short on facts. Neither option is particularly appealing.